IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARNELL JOSE OWENS | * | |
| | * | |
| v. | * | CIVIL ACTION NO. CCB-14-2582 |
| GREGG HERSHBERGER | * | |
| | * | |
| | ****** | |

**MEMORANDUM**

Seeking damages, self-represented plaintiff, Darnell Jose Owens filed suit against Gregg Hershberger alleging that on November 23, 2010, while incarcerated at the Roxbury Correctional Institution he was placed in a cell with no property or bedding. Plaintiff states that he was not provided water in the cell and "none of [his] basic needs" were met. He indicates that he stayed in the cell for four and a half days. (ECF No. 1 at 4; ECF No. 1-1 at 3.) Plaintiff filed an administrative remedy request regarding the incident. On April 1, 2011, the Commissioner of Corrections found his grievance meritorious in part but declined to award damages. (ECF No. 1-1 at 1.)

Accompanying the complaint is plaintiff's motion for leave to proceed in forma pauperis, (ECF No. 2), which will be granted. Because the plaintiff has been granted leave to proceed *in forma pauperis*, this court may review the claims in the plaintiff's complaint before service of process and dismiss the complaint *sua sponte* if it has no factual or legal basis. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324, 328 (1989); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 952 (4th Cir. 1995). Upon review of the complaint, this court concludes that it is subject to dismissal.

"Section 1983 provides a federal cause of action, but in several respects relevant here

federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (citing *Owens v. Okure*, 488 U.S. 235, 249-250 (1989); *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1985)). In Maryland the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code Ann., Cts & Jud. Proc., § 5-101. Plaintiff's allegations arise from a November 2010 incident. Plaintiff's complaint is dated August 9, 2014. The complaint is clearly outside the applicable statute of limitations and shall be dismissed.

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e) or Fed. R. Civ. P. 12(b)(6).

A separate Order follows.


__8/29/2014_____                         _____/s/_____
Date                                      Catherine C. Blake
                                          United States District Judge